UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | PUBLISHED |
| | ) | |
| GARY ROGER KNOTTS, JR., | ) | Case No. 08-20244-659 |
| | ) | Chapter 7 |
| | ) | |
| | ) | Debtor. |

**O R D E R**

The matter before the Court is Trustee's Objection to Exemptions and Debtor's Response to Trustee's Objection to Exemptions. A hearing on the matter was held on August 28, 2008. Debtor and Trustee were represented by counsel and both counsel presented oral argument at the hearing. The matter was then taken as submitted by the Court. Upon consideration of the record as a whole, the Court issues the following FINDINGS OF FACT:

On July 27, 2008, Debtor Gary Knotts (hereinafter "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Debtor claimed a homestead exemption of $13,600.00 for real property located at 23074 Spencer Lane, Kirksville, Missouri, 63501 (hereinafter "Residential Property"), pursuant to MO. REV. STAT. § 513.475. Debtor moved out of the Residential Property prior to filing bankruptcy. Debtor, who is disabled, has been living with and caring for his disabled father-in-law.

Trustee alleges and Debtor does not deny that the home on the Residential Property is uninhabitable. Debtor further admits that the Residential Property would require significant improvements for Debtor and his wife to inhabit it. Debtor has no immediate intention to live at the Residential Property. Debtor intends to place a mobile home on the Residential Property while the home is renovated or replaced. Though Debtor's father-in-law has died, Debtor may continue to live at his father-in-law's residence for the undetermined future. At the hearing, Debtor's counsel indicated that the Residential Property is encumbered by a mortgage and the mortgage creditor has

placed a padlock on the home at the Residential Property.

Trustee argues that Debtor cannot claim a homestead exemption because Debtor does not occupy the Residential Property, has not shown intent to occupy it and has no ability to control or strongly influence the time of occupation.  Trustee further argues that Debtor does not have the present ability to build a structure on the Residential Property.  Trustee contends therefore that Debtor's homestead exemption is improper and should be denied.

Debtor argues that he lived away from the Residential Property to care for his ill father-in-law.  Debtor asserts that the majority of his personal property remains at the Residential Property. Debtor argues that he has a present ability to build a habitable structure on the Residential Property, in that a family member has agreed to fund the building of a habitable structure.  Debtor further argues that the homestead exemption is proper and should be allowed.

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2008) and Local Rule 81-9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) (2008).  Venue is proper in this District under 28 U.S.C. § 1409(a) (2008).

## CONCLUSIONS OF LAW

The issue here is whether Debtor may claim a homestead exemption in real property that Debtor owns but does not occupy.  According to Missouri Revised Statutes § 513.475, "[t]he homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith", is allowed a homestead exemption of up to $15,000.  MO. REV. STAT. § 513.475 (2008).  The definition of a homestead in Missouri is ownership plus occupancy.  *In re Dennison,* 129 B.R. 609, 610 (Bankr. E.D. Mo. 1991).

Here, Debtor owns the Residential Property.  Debtor claims a homestead exemption of $13,600.00 in the Residential Property.  Debtor moved out of the Residential Property prior to filing

-2-

bankruptcy. Thus, Debtor is not occupying the Residential Property. *Dennison* makes it clear that if a debtor does not occupy the property that is being claimed as exempt, a debtor must show intent to occupy the property and an ability to control or strongly influence the time of occupation. *Dennison,* 129 B.R. at 611. Intent to occupy requires both a declaration of intent and overt acts that support the intention. *Id.* at 611.

Trustee argues against Debtor's homestead exemption in light of the fact that Debtor does not occupy the Residential Property, has not shown an intent to occupy, and has no ability to control or strongly influence the time of occupation. Debtor admits that the home on the Residential Property is uninhabitable, and thus, Debtor is unable to live in the Residential Property at this time. The fact that a party makes a declaration of intent to make the property a homestead or permanent residence is not enough to establish a homestead for the purposes of exemption. *Id.* at 611. Although Debtor stated his intention to move back to the Residential Property and live in a mobile home, there has been no overt act to support his intention because Debtor has made no attempt to do so. Thus, Debtor's statement of intention lacks the additional requirement of overt acts in support of the intention.

Debtor is also required to show an ability to control or strongly influence the time of occupation. Trustee argues that Debtor has no present ability to build a structure on the Residential Property. Trustee correctly cited *Dennison*, which states that Debtor must prove that such a change in the land is practicable and physically and financially feasible. *Dennison,* 129 B.R. at 611. Debtor argues the fact that a family member has agreed to fund the building of a house demonstrates his ability to build a habitable structure on the Residential Property. Debtor himself does not have the financial means to build a new structure. The fact that Debtor lacks the financial means to build a new structure and has not moved a mobile home on the Residential Property shows that he has no ability to control or strongly influence the time of occupation.

Debtor asserted that the majority of his personal property remains at the Residential

Property and that Debtor maintains possession of the Residential Property.  The Court in *In re Maloney* found that after a debtor physically removes himself from the property and continuously occupies another residence, debtor must demonstrate to the court that at the time of removal he possessed the intent to return to the property and occupy it as a residence.  *In re Maloney,* 311 B.R. 525 (Bankr. W.D. Mo.  2004). However, Debtor has lived and continues to live away from the Residential Property in his father-in-law's residence.  Therefore, Debtor has not shown evidence of his intent to return to the Residential Property and occupy it as his residence. Therefore,

**IT IS ORDERED THAT** Trustee's Objection to Exemptions is SUSTAINED and Debtor's exemption is DENIED.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  April 29, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

James D. Smiser
James D. Smiser LLC
One Crown Drive
Suite 100
Kirksville, MO 63501

Brian James LaFlamme
Summers Compton Wells PC
8909 Ladue Road
St. Louis, MO 63124

Gary Roger Knotts, Jr
28492 Patterson Way
Kirksville, MO 63501

David A. Sosne
Summers Compton Wells PC
8909 Ladue Rd.
St. Louis, MO 63124