UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| GARY ROGER KNOTTS, JR., ) | Case No. 08-20244-659 |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | **PUBLISHED** |

## O R D E R

The matter before the Court is Debtor's Motion to Reconsider Court's Order Filed 4-29-2009 and Trustee's Objection to Debtor's Motion to Reconsider Order. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

Debtor Gary Knotts, Jr. (hereinafter "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 27, 2008. In his filing, Debtor claimed a homestead exemption pursuant to MO. REV. STAT. § 513.475. In response, David A. Sosne, Chapter 7 Trustee (hereinafter "Chapter 7 Trustee"), filed Objection to Debtor's Claim of Exemptions on August 7, 2008. Chapter 7 Trustee alleged that Debtor failed to qualify for the claimed exemption because Debtor did not occupy the claimed residential property, had not shown intent to occupy the property, and had no ability to control or strongly influence the time of occupation. A hearing regarding the Chapter 7 Trustee's Objection was held on November 20, 2008.

This Court sustained the Chapter 7 Trustee's Objection on April 29, 2009. The Court found that Debtor did not occupy the property, had undertaken no overt acts to formalize an intent to effect occupation, and lacked the financial wherewithal to build a new structure or otherwise control or strongly influence the time of occupation.

Debtor filed his Motion to Reconsider Court's Order Filed 4-29-2009 (hereinafter "Motion to Reconsider") on May 11, 2008. The Debtor now argues that Debtor's wife has the immediate ability to place a mobile home on the residential property and commence repair of the existing structure or erect a new structure. Debtor also argues that Missouri's homestead laws are to be construed in a manner that grants great leniency to a debtor. Chapter 7 Trustee filed an Objection to Debtor's

Motion to Reconsider on May 14, 2009. Chapter 7 Trustee argues that no such "motion to reconsider" exists under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, and that granting the requested relief would be tantamount to a second chance, and thereby unwarranted and inappropriate.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2008) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (2008). Venue is proper in this District under 28 U.S.C. § 1409(a) (2008).

## CONCLUSIONS OF LAW

The Debtor's Motion to Reconsider was filed without citing any procedural rule, neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure. Without any procedural citation, the Court is left to consider Debtor's Motion to Reconsider under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure (hereinafter "Rules") as made applicable in bankruptcy proceedings by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 9023-24 (2009); *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988).

Rule 59(e) is a procedural rule that grants a movant 10 days to submit a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) (2009). The Debtor's Motion was submitted in timely fashion.

Rule 60 is a substantive rule that addresses why a party would rightly submit a motion to alter or amend a judgment. There are two subsections in Rule 60: (a) provides for correction of clerical error, and (b) provides the grounds upon which relief from a final judgment, order, or proceeding may be granted. FED. R. CIV. P. 60 (2009). There is no question of clerical error before the Court. As noted previously, a motion akin to Debtor's Motion for Reconsideration is commonly examined through the lens of Rule 60(b), one which empowers the court to grant relief in an instance of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly found evidence that

could not have reasonably been unearthed within the ten-day filing period prescribed by Rule 59(e); (3) fraud, misrepresentation, or misconduct; (4) voided judgment; (5) a judgment that has been satisfied or was based upon a vacated decision; (6) any other reason that justifies relief. *Id.*

Applying Rule 60(b) to the case at bar, the Court cannot find sufficient grounds upon which relief should be granted. There is no alleged mistake or neglect. No newly discovered evidence has been presented. Nor is there suspected fraud, and no judgment has been voided.

Instead, Debtor argues that conditions have changed following the initial filing of his Chapter 7 Petition, and that Debtor is now able to satisfy the conditions for a homestead exemption which he previously did not meet. In effect, the Motion to Reconsider is a request for a "do-over," something which the Eighth Circuit Court of Appeals has regularly denied as an unfair second bite of the apple. *DeWit v. Firstar Corp.*, 904 F. Supp. 1476, 1495-96 (N.D. Iowa 1995). Only in instances of "extraordinary circumstances" should a Rule 60(b) motion be granted, and this does not meet that criterion. *Id.*

Debtor also implores the Court to adhere to precedent and construe homestead laws in his favor. The Court would not suggest otherwise, however that is an argument which was previously considered when this Court assessed Debtor's homestead exemption as part of th Chapter 7 Trustee's Objection to Debtor's Claims of Exemption.

Debtor has failed to demonstrate that he has sufficient footing for relief pursuant to Rule 60(b) as made applicable in bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Therefore,

**IT IS ORDERED THAT** Debtor's Motion to Reconsider Court's Order Filed 4-29-2009 is **DENIED**.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  August 3, 2009
St. Louis, Missouri


Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

James D. Smiser
James D. Smiser LLC
One Crown Drive
Suite 100
Kirksville, MO 63501

Brian James LaFlamme
Summers Compton Wells PC
8909 Ladue Road
St. Louis, MO 63124

Gary Roger Knotts, Jr
28492 Patterson Way
Kirksville, MO 63501

David A. Sosne
Summers Compton Wells PC
8909 Ladue Rd.
St. Louis, MO 63124